JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MILTON E. FUENTES,<br><br>               Debtor,<br><br>MILTON E. FUENTES,<br><br>               Appellant,<br>v.<br><br>ROD DANIELSON, Chapter 12 Trustee,<br><br>               Appellee.<br>_____ | ) ED<br>) Case No. CV 10-01419 DDP<br>) [Bankruptcy No. 6:10-bk-2091DS]<br>)   USBC Riverside<br>) **ORDER AFFIRMING DECISION OF THE**<br>) **UNITED STATES BANKRUPTCY COURT**<br>)<br>) Adversary number: N/A;<br>)<br>) BAP case number CC-10-1329<br>)<br>)<br>)<br>)<br>)<br>) |

    This matter is before the Court on an appeal from a decision by the United States Bankruptcy Court. After reviewing and considering the materials submitted by the parties, the court affirms the dismissal of the Chapter 12 petition.

cc: **US Bankruptcy Court** and **US Trustee's Office**

**I.   Background**

On April 13, 2010, Milton Eduardo Fuentes ("Fuentes" or "Debtor") filed a voluntary bankruptcy petition under Chapter 12 of the Bankruptcy Code. (ER No. 1 at 3)  Rod Danielson ("Danielson" or "Trustee") was appointed as Trustee.

The Trustee determined that Fuentes received the following income for the three years preceding the filing of the petition:

| Farming Income | Social Security & Military Benefits |
|---|---|
| 2009: $32,837.56[1] | $59,128.80 |
| 2008: $32,643.00 | $55,888.80 |
| 2007: $54,753.00 | $53,526.00 |

Based on these figures, the Trustee concluded that (1) less than one-half of Fuentes' income in the year preceding the filing of the Chapter 12 petition was derived from farming operations; and (2) Fuentes did not receive more than one-half of his income from farming operations in each of the second and third years preceding the petition date.  Concluding that Fuentes did not meet the definition of a "family farmer" under 11 U.S.C. § 101(18) and thereby finding him ineligible for relief under Chapter 12, the Trustee filed a motion to dismiss Fuentes' petition.

In his Response, Fuentes argued, in relevant part, that he did meet the criteria of a "family farmer" because, for Chapter 12 purposes, social security benefits must be excluded from the debtor's gross income.  At oral argument before the bankruptcy court, Fuentes contended that both his social security and military

---

[1]  Fuentes claims that he earned $47,059.00 from farming in 2009.  Fuentes did not, however, provide any evidence to support this claim.  The bankruptcy court did not, therefore, clearly err in its determination of Fuentes' 2009 farming income.

2

benefits should be excluded from his gross income for purposes of determining whether he qualifies as a "family farmer."

On August 9, 2010, the bankruptcy court ruled in a memorandum opinion that neither Fuentes' social security nor military benefits were excludable from gross income. The court further stated that Fuentes was not a "family farmer" for purposes of 11 U.S.C. § 101(18) because he did not receive more than 50 percent of his gross income from farming operations for the taxable year preceding the filing of the petition or each of the second and third years preceding the petition date. Accordingly, the court declared Fuentes ineligible to seek relief under Chapter 12 and granted Danielson's motion to dismiss. Fuentes now appeals.

**II. Discussion**

    A.   <u>Jurisdiction</u>

This court has jurisdiction to review appeals from final orders and judgments of bankruptcy courts under 28 U.S.C. § 158(a).

    B.   <u>Standard of Review</u>

The bankruptcy court's conclusions of law are reviewed <u>de novo</u>, while its findings of fact are reviewed for clear error. <u>Blausey v. United States Trustee</u>, 552 F.3d 1124, 1132 (9th Cir. 2009)(citing <u>In re Salazar</u>, 430 F.3d 992, 994 (9th Cir. 2005)). The clear error standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed before reversal is warranted." <u>United States v. Bourseau</u>, 531 F.3d 1159, 1164 (9th Cir. 2008)(internal quotation marks omitted). This court may affirm on any ground supported by the record. <u>Thrifty Oil Co. v. Bank of America, Nat'l Trust and Sav. Ass'n</u>, 322 F.3d 1039, 1046 (9th Cir. 2003).

3

1
2
3

      C.    <u>Whether Security and/or Military Benefits Should Be Excluded From The Calculation Of A Debtor's Gross Income Under Chapter 12 Of The Bankruptcy Code.</u>

"Only a family farmer ... with regular annual income may be a debtor under chapter 12 . . . ." 11 U.S.C. § 109(f). The term "family farmer" includes an "individual . . . engaged in a farming operation . . . [who] receive[s] from such farming operation more than 50 percent of such individual's . . . gross income for (i)the taxable year preceding; or (ii) each of the 2d and 3d taxable years preceding the taxable year in which the case concerning such individual . . . was filed." 11 U.S.C. § 101(18)(A).

The Bankruptcy Code does not define the term "gross income." Several courts have equated the Bankruptcy Code term "gross income" with the tax code definition of the term. <u>In re Lewis</u>, 401 B.R. 431, 441 (Bankr.C.D.Cal. 2009) (citing <u>In re Wagner</u>, 808 F.2d 542, 549 (7th Cir. 1986) ("[T]he interpretation that will best carry out Congress's purpose in the Bankruptcy Code is that gross income for the purposes of the farmer's exemption has the same meaning as in the Internal Revenue Code.")); <u>In re Lamb</u>, 209 B.R. 759, 760-61 (Bankr.M.D.Ga. 1997); <u>In re Pratt</u>, 78 B.R. 277, 279 (Bankr.D.Mont. 1987) (citing <u>Wagner</u>, 808 F.2d at 549).

**1. Social Security Benefits**

The Internal Revenue Code states that gross income includes Social Security benefits in an amount determinable by the formula set out in 26 U.S.C. § 86.[2] In some cases, the Section 86 formula excludes all Social Security benefits from gross income. <u>See</u>, <u>e.g.</u>

---

[2] Fuentes does not describe whether or how 26 U.S.C. § 86 applied to the social security benefits he received.

4

In re Koenegstein, 130 B.R. 281 (Bankr.S.D.Ill 1991); In re Southard, 337 B.R. 416, 422 (Bankr.M.D.Fla. 2006). As the bankruptcy court observed here, some courts, in applying the tax code definition of "gross income" for purposes of determining Chapter 12 eligibility, have refused to look beyond the tax return itself.[3] See, e.g. In re Bergman, 78 B.R. 911 (Bankr.S.D.Ill. 1987); In re Nelson, 73 B.R. 363, 365 (Bankr.D.Kan. 1987). The bankruptcy court, citing In re Koenegstein, 130 B.R. at 286, went on to hold that Social Security payments are included in "gross income."

As the Seventh Circuit observed, the "language and background of [the farmer's exemption] show that Congress wanted a mechanical, which is to say an easily applicable, test for 'farmer' . . . ." Wagner, 808 F.2d at 547. Koenegstein, however, diverged from the principle that "gross income" under the Bankruptcy Code has the same meaning as "gross income" under the tax code. Finding Chapter 12's definition of "family farmer" to be "arbitrary at best," the Koenegstein court concluded that strict adherence to the tax code meaning and exclusion of Social Security benefits bore no relation to Chapter 12's purpose of providing relief to family farmers in need of financial rehabilitation. Koenegstein, 130 B.R. at 286.

This court agrees with the principle that strict adherence to the tax code is not required where such rigidity would lead to absurd results. Koenegstein, 130 B.R. at 284-285. In Matter of Armstrong, for example, the Seventh Circuit held that it would be

---

[3] Though Fuentes argues that courts should look to the tax return rather than conduct a "fairly complicated" § 86 analysis, the tax return figure will necessarily reflect the product of the § 86 calculation.

5

contrary to legislative purpose and illogical to exclude proceeds from the sale of farm equipment from farming income. <u>Matter of Armstrong</u>, 812 F.2d 1024, 1026-1027 (7th Cir. 1987). Similarly, the bankruptcy court in <u>In re Way</u> found that the logical consideration of farm subsidy payments as farm income would further congressional intent, and therefore applied a "narrow exception" to the strict tax code approach. <u>In re Way</u>, 120 B.R. 81, 83 (Bankr.S.D.Tex. 1990).

     Here, however, this court cannot conclude that the inclusion of Social Security benefits in gross income would in any way further Congress' intent "to prevent high income, low non-farm debt tax shelter investors from qualifying for relief under Chapter 12." <u>In re Pratt</u>, 278 B.R. at 278. Nor is the court aware of any case within this circuit, or any other, that applies <u>Koenegstein</u>'s reasoning with respect to Social Security benefits. Accordingly, for Chapter 12 eligibility purposes, Social Security benefits are afforded their ordinary tax code meaning. <u>See</u> 26 U.S.C. § 86.

         **2.   Military Benefits**

     According to the Internal Revenue Code, certain "qualified military benefit[s]" are excluded from gross income. 26 U.S.C. § 134(a). A "qualified military benefit" is one which is (1) "received by any member or former member of the uniformed services of the United States or any dependent of such member by reason of such member's status or service as a member of such uniformed services" and (2) "was excludable from gross income on September 9, 1986 . . . ." 26 U.S.C. § 134(b). The code is clear that "no other benefit [is] excludable." 26 U.S.C. §§ 134(b)(2).

Fuentes asserts that "the Military benefits are categorized under 26 U.S.C. Part III § 134 [as] Items specifically excluded from gross income, thus including military benefits as gross income directly contradicts the Tax Code as it is written." (Opening Brief at 10.)  However, only <u>qualified</u> military benefits are exempt from inclusion in the gross income calculation. Fuentes' opposition below referred to the benefit as a "pension." (ER 3.)  The Internal Revenue Code includes pensions as a source of gross income.  26 U.S.C. § 61(a)(11).  Fuentes has not provided any evidence that his military benefits are qualified military benefits excludable from gross income.

**III. Conclusion**

For the reasons set forth above, Social Security benefits constitute gross income for Chapter 12 eligibility purposes only to the extent provided in the tax code.  Only "qualified military benefits" are excludable from gross income.  Here, there is no evidence that Fuentes has received excludable qualified military benefits.  Furthermore, it appears to the court that, even excluding Fuentes' average monthly Social Security income of $1803.40 from gross income, Fuentes does not meet the definition of a "family farmer" under 11 U.S.C. § 101(18).[4]  Consequently, the bankruptcy court's dismissal of Fuentes' Chapter 12 petition is AFFIRMED.

IT IS SO ORDERED.

Dated: December 16, 2011

DEAN D. PREGERSON
United States District Judge

---

[4] See n.1, <u>supra</u>.